UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DANIEL J. TUTUNGIAN,<br><br>        Plaintiff,<br><br>        v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>et al.,<br><br>        Defendants. | CIVIL ACTION<br>NO. 26-10235-WGY |

### ORDER

January 22, 2026

YOUNG, D.J.

Pro se plaintiff Daniel Tutungian brings this action against the Commonwealth of Massachusetts, the Department of Children and Families ("DCF"), DCF staff members, counsel for the DCF, and Tutungian's former wife, claiming that DCF has made false reports concerning the care of his minor daughter, mischaracterized and even falsified reports concerning his interactions with DCF, and violating his right to due process. Tutungian has also filed motions for leave to proceed in forma pauperis (Dkt. #2), a motion for leave to file electronically (Dkt. #3), a motion for a "Temporary Restraining Order and

Injunctive Relief," (Dkt. #4),[1] and a motion for service by the United States Marshals Service (Dkt. #7). Upon reviewing these documents, the Court hereby orders:

1. The motion for leave to proceed in forma pauperis is granted. Because Tutungian is proceeding in forma pauperis, his complaint is subject to pre-service review by the Court. See 28 U.S.C. § 1915. Summonses shall only issue on order of the Court.

2. The motion to file electronically is GRANTED.

3. The motion for service by the United States Marshals Service is DENIED without prejudice. If the Court later orders that summonses issue, the Court will also order that the Tutungian may ask the agency to complete service with all expenses to be advanced by the United States.

4. The "Motion for Temporary Restraining Order and Injunctive Relief" is DENIED insofar as Tutungian seeks a temporary restraining order. The motion will remain pending on the docket as a motion for a preliminary injunction.

In the motion, Tutungian alleges that, since his commencement of a separate civil action concerning "the warrantless removal of [his] minor daughter" and related

---

[1] In the first paragraph of this motion, Tutungian states that he seeks a temporary restraining order and a preliminary injunction.

2

proceedings, he has been subjected to "intimidation, procedural interference, reputational damage and retaliatory conduct, including misuse of redacted and altered records in custody matters." (Dkt. #4 at 1-2). He asks the Court to issue the following order:

> 1. Defendants and their agents are ENJOINED from engaging in any retaliatory conduct against Plaintiff based on his exercise of constitutional rights, including the filing of this lawsuit.
>
> 2. Defendants are ENJOINED from using, disseminating, or relying upon altered, falsified, redacted, or unsupported records concerning Plaintiff in any proceeding outside lawful court process.
>
> 3. Defendants shall preserve all documents, communications, electronic records, notes, and metadata relating to Plaintiff, his minor child, and the allegations described in the Complaint.
>
> 4. Defendants are PROHIBITED from contacting plaintiff or his minor child outside lawful court orders or emergency circumstances.

(Dkt. #4-1 at 1-2)

A party seeking an ex parte temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)A). Further, the party must certify to the Court in writing the efforts, if any, which have been made to give the defendant notice of the request for a restraining

3

order, or the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b)(1)(B).

Here, Tutungian has not shown that "immediate and irreparable" harm will occur before the defendants can be heard in opposition to the motion. Moreover, Tutungian has not certified his efforts to give notice to the defendants of his motion for emergency relief or explained why such notice should not be required. His failure to meet the requirements of Fed. R. Civ. P. 65(b) provides sufficient ground for denial of a temporary restraining order.

SO ORDERED.

*William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE