UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL J. TUTUNGIAN,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>et al.,<br><br>        Defendants. | CIVIL ACTION<br>NO. 26-10235-WGY |

**ORDER**

**July 2_3_, 2026**

YOUNG, D.J.

<u>Pro</u> <u>se</u> litigant Daniel Tutungian has filed a civil rights complaint against the Commonwealth of Massachusetts, the Department of Children and Families ("DCF"), 10 DCF staff members, his former wife, and fifty unknown individuals named as "John and Jane Does 1-50."

Upon review of the complaint pursuant to 28 U.S.C. § 1915(e), the Court hereby orders:

1.   Plaintiff's claim against Brigid Tutungian is DISMISSED.  42 U.S.C. § 1983 ordinarily does not create a right of action against private parties.  Private conduct may be deemed to be "under color of state law" only when it is "fairly attributable" to the state, <u>Lugar v. Edmondson Oil Co., Inc.,</u>

457 U.S. 922, 937 (1982), such as when a private party conspires with a state actor, Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Here, Tutungian has not made any factual allegations from which the Court may reasonably infer that the alleged misconduct of his former wife is "fairly attributable" to the state. Accordingly, he has failed to a state a claim under § 1983 against her.

2.    The Clerk shall issue summons for defendants Haley, Dejordy, Kline, Jace, Lafleche, Bonini, Clarkson, DaSilva, Lam, Diamond, the Department of Children and Families and the Commonwealth. Plaintiff is responsible for ensuring that the summons, complaint, and this order are served on these defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

3.    "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Because plaintiff is proceeding in forma pauperis, he may also elect to have service completed by the United States Marshals Service ("USMS"). See Fed. R. Civ. P. 4(c)(3). If plaintiff chooses to have service completed by the USMS, he shall provide the agency with a copy of this order for its own records, together with all papers for service (the summons, a copy of the summons, the complaint, and this order) on the

2

defendants and a completed USM-285 form for each defendant.  The USMS shall complete service as directed by the plaintiff with all costs of service to be advanced by the United States.  The Clerk shall provide the plaintiff with blank USM-285 forms and instructions for service by the USMS.

4.   Service must be completed within 90 days of the date the summons issues. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to Plaintiff.  See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).  If plaintiff elects to ask the USMS to complete service, he must provide all papers for service and a completed USM-285 form to the agency well before this deadline.

5.   At this time, summonses will not issue as to the defendants identified as "John and Jane Does 1-50."  If, through discovery, the plaintiff discovers the true name of these defendants, he "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims."  Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 8 n.5 (1st Cir. 2007).

SO ORDERED.

WILLIAM G. YOUNG
DISTRICT JUDGE

3